UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

MCNEWS PRODUCE, CO., a
Texas Corporation,
        Plaintiff

vs.

HEART OF TEXAS PRODUCE, INC.,
a Texas Corporation; and HAROLD
RAY KNIGHT, an Individual,
        Defendants

| Case No: 2:18-cv-348

## CIVIL ACTION COMPLAINT

Plaintiff, McNews Produce, Co., states the following for its Complaint:

### PARTIES

1. Plaintiff McNews Produce, Co., ("McNews Produce"), a Texas corporation with its principal place of business located in Henderson, Texas.

2. Defendants are:

   a) Heart of Texas Produce, Inc., ("Heart of Texas"), a Texas corporation with its principal place of business located in Waco, Texas.

   b) Harold Ray Knight ("Knight"), an individual who resides at 14726 Willow Grove Road, Moody, Texas 76557-3157

### JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331 because the claims of McNews Produce arise under the Perishable Agricultural

Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. 28 U.S.C §1367(a) provides this Court with supplemental jurisdiction over all the claims of McNews Produce.

5. A substantial part of the events and omissions underlying this lawsuit occurred in this district. Venue in this district is therefore proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

6. McNews Produce is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce")in interstate commerce.

7. McNews Produce held a valid PACA license #19962265 issued by the United States Department of Agriculture ("USDA") during he transactions at issue.

8. During the transactions at issue, Heart of Texas was a commission merchant, dealer, or broker subject to PACA, and held PACA license #20180050 issued by the USDA.

9. Between October 2, 2015, and June 23, 2017, McNews Produce and Heart of Texas entered into contracts in which McNews Produce agreed to ship and sell, at Heart of Texas' request, certain quantities and types of produce for which Heart of Texas agreed to pay McNews Produce the total amount of $143,495.25.

10. Heart of Texas accepted the produce from McNews Produce without objections.

11. McNews Produce issued and forwarded to Heart of Texas invoices reflecting the agreed upon quantity and amounts owed by Heart of Texas, as well as additional terms

and conditions reflected on its invoice.

12. Heart of Texas failed to pay the full amount for the produce sold it by McNews Produce. The total balance remaining to be paid is $81,363.60.

## CLAIMS FOR RELIEF

## COUNT 1: HEART OF TEXAS

### BREACH OF CONRACT

13. McNews Produce re-alleges ¶¶ 1 through 12.

14. As detailed in ¶9, McNews Produce entered into contracts with Heart of Texas for the purchase and sale of produce.

15. Heart of Texas breached the contracts by failing to pay for the produce delivered to it from McNews Produce.

16. McNews Produce fully performed all conditions precedent to the agreed contracts.

17. McNews Produce has incurred damages resulting from Heart of Texas' breach of contract in the amount of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, McNews Produce seeks entry of a judgment in its favor and against Heart of Texas in the amount of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT II: HEART OF TEXAS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)

18. McNews Produce re-alleges ¶¶1 through 17.

19. As detailed in ¶9, McNews Produce entered into contracts with Heart of Texas for the purchase and sale of produce in interstate commerce.

20. Heart of Texas is a commission merchant, dealer, or broker, and held PACA license #20180050 issued by the USDA during the transactions at issue.

21. At the time Heart of Texas received the produce, it became a trustee of the PACA trust for the benefit of McNews Produce benefit in the amount of $81,363.60.

22. As a holder of a PACA license, McNews Produce perserved its rights as a PACA trust beneficiary of Heart of Texas in accordance with 7 U.S.C.§499e(c)(4) by including the statutory statement on the face of its invoices, and by timely delivering the invoices to Heart of Texas.

23. Heart of Texas failed to pay for the produce sold to it by McNews Produce.

24. McNews Produce is an unpaid supplier and seller of produce and is entitled to PACA trust protection and payment from Heart of Texas' assets subject to the PACA trust.

For these reasons, McNews Produce seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $81,363.60 against Heart of Texas and that its valid PACA trust claim includes interest from the date of each invoice became past due,

costs, and attorneys' fees.

## COUNT III: HEART OF TEXAS

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### 7 U.S.C. §499e(c)

25. McNews Produce re-alleges ¶¶1 through 24.

26. McNews Produce preserved its rust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

27. The *res* of the PACA trust includes Heart of Texas' inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of the produce or products ("proceeds"), and assets commingled with, purcahsed with or otherwise acquired with proceeds. Assets subject to the PACA trust are referred to below as "PACA Trust Assets."

28. Heart of Texas is in possession, custody, and control of PACA Trust Assets that must be held for McNews Produce's benefit.

29. Heart of Texas failed to use PACA Trust Assets to pay McNews Produce for the sales of produce described in ¶9.

30. As a result, McNews Produce has suffered damages in the amount of $81,363.60, plus interest from the date each invoice became past due, costs, attorneys' fees.

For these reasons, McNews Produce seeks an Order directing Heart of Texas to immediately pay to McNews Produce, as a PACA trust beneficiary, PACA Trust Assets equal to the sum of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV: HEART OF TEXAS

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
### 7 U.S.C. §499b(4)

31. McNews Produce re-alleges ¶¶1 through 30.

32. Heart of Texas received the shipments of produce described in ¶9.

33. McNews Produce preserved its trust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

34. PACA required Heart of Texas, as a PACA trustee, to hold PACA Trust Assets in trust for McNews Produce's benefit and all other unpaid suppliers of produce with valid PACA trust claims (if any exist), until all have been paid in full.

35. Heart of Texas failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including McNews Produce's claim asserted in this lawsuit.

36. McNews Produce has suffered damages resulting from Heart of Texas' failure to maintain and protect the PACA Trust Assets from dissipation in the amount of $81,363.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

For these reasons McNews Produce seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:

    i. directing Heart of Texas to maintain PACA Trust Assets in the amount of $81,363.60, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims;

    ii. directing Heart of Texas to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims; and

      iii.    enjoining Heart of Texas from dissipating PACA Trust Assets.

## COUNT V: HEART OF TEXAS

### FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

37.    McNews Produce re-alleges ¶¶1 through 36.

38.    Heart of Texas purchased and received the shipments of produce described in ¶9.

39.    In accordance with PACA, 7 C.F.R. §46.2(aa), Heart of Texas must tender full payment promptly to its unpaid suppliers of produce.

40.    Heart of Texas failed to pay for the produce supplied by McNews Produce within the payment terms.

41.    McNews Produce has incurred damages resulting from Heart of Texas failure to pay promptly in the amount of $81,363.60, plus interest from the date of each invoice became past due, costs, and attorneys' fees.

## COUNT VI: KNIGHT

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

42.    McNews Produce re-alleges ¶¶1 through 41.

43.    McNews Produce preserved its trust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

44.    During the transactions at issue, Knight was an officer, director, shareholder, principal, or employee of Heart of Texas.

45.    Knight had full knowledge and responsibility for Heart of Texas' operations

and financial dealings, and had duties to ensure that Heart fo Texas fulfilled its duties as trustee of the PACA trust.

46. Knight had fiduciary duties to ensure that Heart of Texas maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

47. Heart of Texas breached its fiduciary duty as PACA trustee to maintain sufficient PACA Trust Assets.

48. Knight breached his fiduciary duties by failing to ensure that Heart of Texas fulfilled its duties as PACA trustee.

49. McNews Produce has suffered damages resulting form Knight's breach of his fiduciary duties in the amount of $81,363.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, McNews Produce seeks entry of a judgment in its favor and against Knight in the amount of $81,363.60, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies McNews Produce receives from the PACA Trust Assets.

## COUNT VII: KNIGHT

## DECLARATORY RELIEF

50. McNews Produce re-alleges ¶1 through 49.

51. McNews Produce preserved its trust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

52. Upon information and belief, Heart of Texas is a Texas corporation whose

only officer is Knight.

53. Upon information and belief, Heart of Texas transferred assets to Knight.

54. The assets received by Knight from Heart of Texas are presumptively PACA Trust Assets, and rightfully belong to McNews Produce and similarly situated PACA trust creditors of Heart of Texas.

For these reasons, McNews Produce seeks an Order declaring all assets of Heart of Texas transferred to Knight are impressed with the PACA trust.

### COUNT VIII: KNIGHT

### UNLAWFUL RETENTION OF PACA TRUST ASSETS

55. McNews Produce re-alleges ¶1 through 54.

56. McNews Produce preserved its trust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

57. Upon information and belief, Heart of Texas transferred PACA Trust Assets to Knight.

58. Any transfer of PACA Trust Assets by Heart of Texas to Knight was a breach of the PACA trust, as such assets rightfully belong to McNews Produce and similarly situated PACA trust beneficiaries of Heart of Texas.

59. Knight has received PACA Trust Assets subject to McNews Produce's PACA trust claim for no value, and with actual or constructive knowledge of McNews Produce's PACA trust rights.

60. Knight's unlawful retention of assets impressed with McNews Produce

PACA trust has resulted in damages to McNews Produce in an amount totaling all of the assets he received that were impressed with the PACA trust, less any PACA Trust Assets McNews Produce recovers directly from Heart of Texas.

61. McNews Produce seeks an Order:

(a) Directing Knight to hold any PACA Trust Assets in his possession or control in constructive trust for the benefit of McNews Produce;

(b) Directing Knight to pay an amount totaling all of the assets he received that were impressed with the PACA trust to McNews Produce; and

(c) Entering Judgment against Knight in an amount totaling all of the assets he received that were impressed with the PACA trust to the extent of $81,363.60, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets from Heart of Texas.

**FOR THESE REASONS**, McNews Produce requests:

A. On Count I, entry of Final Judgment in McNews Produce's favor against Heart of Texas, in the amount of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that McNews Produce holds a valid PACA trust claim in the amount of $81,363.60 against Heart of Texas, and that its valid PACA trust claim includes interest from the date each invoice became due, costs and attorneys' fees;

C. On Count III, an Order directing Heart of Texas to immediately pay to McNews Produce PACA Trust Assets equal to the sum of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees.

D. On Count IV, creation of a common fund form which all PACA trust beneficiaries may be paid by entering an Order directing Heart of Texas to maintain PACA Trust Assets in the amount of $81,363.60, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing Heart of Texas to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Heart of Texas from dissipating PACA Trust Assets;

E. On Count V, an Order directing Heart of Texas to immediately pay McNews Produce the sum of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F. On Counts II through V, entry of Final Judgment in favor of McNews Produce and against Heart of Texas, in the amount of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees;

G. On Count VI, entry of a Final Judgment in McNews Produce's favor and against Knight in the amount of $81,363.60, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies McNews Produce received form the PACA Trust Assets;

H. On Count VII, an Order declaring all assets of Heart of Texas transferred to Knight are impressed with the PACA trust;

I. On Count VIII, an Order directing Knight to hold an PACA Trust Assets in his possession or control in constructive trust for the benefit of McNews Produce, directing Knight to pay McNews Produce an amount totaling all of the assets he received that were

impressed with the PACA trust, and entering Judgment against Knight in an amount totaling all of the assets he received that were impressed with the PACA trust to the extent of $81,363.60, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets form Heart of Texas; and

J. Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on August 8, 2018.

Respectfully submitted,

PHENIX & CRUMP, PLLC
118 S. MAIN
POST OFFICE BOX 1005
HENDERSON, TEXAS 75654
903/657-3595
903/657-3598 - FACSIMILE
J. R. "RUSTY" PHENIX
STATE BAR NO. 15908300
rusty@phenixlawfirm.com
CARY CRUMP
STATE BAR NO. 90001754
cary@phenixlawfirm.com


BY: /s/ J. R. "Rusty" Phenix
      J. R. "RUSTY" PHENIX
      *Attorneys for Plaintiff*