UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MCNEWS PRODUCE, CO., a Texas Corporation,<br>    Plaintiff | Case No: 2:18-cv-348 |
| vs. | |
| HEART OF TEXAS PRODUCE, INC., a Texas Corporation; and HAROLD RAY KNIGHT, an Individual,<br>    Defendants | |

## MOTION FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)

Plaintiff, McNews Produce, Co., a Texas corporation ("Plaintiff" or "McNews") by and through undersigned counsel, submits this memorandum in support of Plaintiff's motion for entry of a final default judgment against Defendants Heart of Texas Produce, Inc., a Texas Corporation ("HOT") and Harold Ray Knight ("Knight", HOT and Knight collectively, "Defendants"), jointly and severally, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

### I. Judgment Should Be Entered Against Defendants Pursuant to Federal Rule of Civil Procedure 55(b)(2)

Entry of default judgment is appropriate where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendants have failed to plead or otherwise present any defenses to the allegations contained in the complaint (Docket No. 1) within the time provided by law. Their default has been noted by the Clerk of the Court (Docket No. 8). Accordingly, Plaintiff respectfully requests that a default

judgment be entered against Defendants, jointly and severally, pursuant to Fed. R. Civ. P. 55(b).

## II. Liability Under PACA Trust

This case arises under the trust provisions under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)4("PACA"), for failure to pay Plaintiff for wholesale quantities of produce sold and delivered to Defendants. PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce." 49 Fed. Reg. 45737. Thus, PACA required produce dealers to make "full payment promptly" for any produce they purchase. 7 U.S.C.§ 499b(4).

In 1984, PACA was amended to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them." 1984 U.S.C.C.A.N. 406; see *Tanimura & Antle, Inc. v. Packed Fresh Product, Inc.* 222 F.3d 132 (3d Cir. 2000); see also, *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("...the central purpose of Section 499e(c) Imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers, and brokers, which must be maintained for the benefit of all unpaid suppliers and sellers of the produce until the full payment has been made. 7 U.S.C. § 499e(c)(2). The trust arises upon the commencement of the produce purchaser's business and is continually in existence throughout the life of that operation. *Tanimura & Antle, Inc.*, 222 F.3d at 132; *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B. R. 139, 142 (Bankr. S.D. Fla. 1990).

PACA requires produce suppliers to provide notice to the buyer of their intent to preserve

trust benefits. In 1995, the PACA was amended so that notice could be accomplished by produce suppliers including the following language on the face of their invoices: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e[c]). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C § 499e(c)(4). Plaintiff properly preserved its trust rights by including the requisite language on its invoice to Defendants. See, Exhibit E.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C § 499b(4). Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R § 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation or trust assets, is unlawful and in violation of [7 U.S.C § 499b]." Id. As set forth more fully in the accompanying declaration from Plaintiff's counsel, Defendants have failed to pay Plaintiff.

Defendants are subject to PACA because HOT received wholesale quantities of produce in interstate commerce, and is therefore considered a "dealer" under PACA. 7 C.F.R.§ 46.2 (m). PACA considers wholesale quantities to be "all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R § 46.2(x); see also, 7 U.S.C. § 499a(b)(6); *Royal Foods Co. V. RJR Holdings Inc.*, 252 F.3d 1102 (9th Cir. 2001); *In Re: Magic Restaurants, Inc. v. Bowie Produce Co.*, 205 F.3d 108 (3d Cir. 2000). As

demonstrated in Exhibit E, Defendants received over 2,000 pounds of produce on each shipment made as referenced on Exhibit E, and is therefore subject to PACA. Defendants' failure to pay shows that they are in violation of their obligations under PACA because they have failed to make prompt payment to Plaintiff for the produce they received.

### III.  Personal Liability Under PACA

An individual who is in position to oversee the proper application of the PACA trust assets, and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable for the tortious act. Coosemans Specialties, Inc. V. Gargiulo, 485 F.3d 701 (2d Cir. 2007)(PACA trustee cannot escape all liability for entering into a transaction that results in a large loss of PACA assets merely by showing the transaction was commercially reasonable); *Reds Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339 (M.D. Fla. 2002) aff'd 48 Fed. Appx. 328 (11th Cir. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was intentional or whether individual was responsible corporate officer); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997); *Bronia, Inc. v. Ho.*, 873 F. Supp. 854, 861 (S.D.N.Y. 1995); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346 (S.D.N.Y 1993).

The failure of Defendant, KNIGHT, to preserve the trust assets for Plaintiff is a breach of his fiduciary duty to Plaintiff for which he is personally liable. As indicated in records of the Texas Secretary of State (Exhibit G), KNIGHT was the sole reported principal of HOT and was in a position

to control PACA trust assets belonging to MCNEWS. His failure to turn over the trust assets to Plaintiff when payment was due constitutes a breach of the fiduciary duty to make the trust assets "freely available" to the PACA trust beneficiary. *Coosemans Specialties, Inc.*, 485 F.3d at 706; *Morris Okun, Inc.*, 814 F. Supp. At 348.

It has been repeatedly held that an officer and director of a produce company, such as KNIGHT, who is in a "position of control" over the PACA trust assets, is personally liable for the breach of the PACA trust regardless of whether he personally dissipated the assets. *Coosemans Specialties, Inc.*, 485 F.3d at 706; *Golman-Hayden Co., Inc.* 217 F.3d at 351-352; *Sunkist Growers, Inc.*, 104 F.3d at 283. The basis for this holding are the common law trust principles that fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation. *Coosemans Specialties, Inc.*, 485 F.3d at 706; see also, *In re Harper*, 150 B.R.416 (Bankr. E.D.Tenn. 1993). Similarly, the trustees are under a duty to the trust beneficiaries to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. Restatement Second of Trusts § 174.

In this case, Defendant KNIGHT was legally responsible for the activities of HOT and was in a "position of control" over the PACA trust assets. Accordingly, KNIGHT was individually responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay Plaintiff. Having failed to fulfill his statutory duties as trustee, KNIGHT is liable to Plaintiff, the PACA trust beneficiary.

### IV. Attorneys' Fees and Interest

Defendants are also liable to Plaintiff for pre-judgment interest on the principal amount

of its PACA claim and attorneys' fees. In the PACA context, the trust provisions provide that the PACA trust assets shall be held by the receiver of the produce in trust for the benefit of the unpaid beneficiary until full payment of the "**sums owing in connection with such transactions has been received.**" 7 U.S.C. §499e(c)(2) (emphasis added). Courts have determined that if there is an enforceable agreement between the parties, then attorneys' fees and pre-judgment interest should be awarded as "sums owing in connection with" the trust transactions. *Coosemans Specialties, Inc.*, 485 F.3d 705; *Country Best v. Christopher Ranch, LLC.*, 361 F.3d 629 (11th Cir. 2004); *JC Produce, Inc. V. Paragon Steak-house Restaurants, Inc.*, 70 F. Supp. 2d 1119, 1123 (E.D. Cal. 1999) (attorneys' fees may be considered "sums owing in connection with" a sale where a contract calls for them); *E. Armata, Inc. v. Platinum Funding*, 887 F. Supp. 590, 594-595 (E.D.N.Y. 1995) (although a third party lender was not a party to a contract providing for the payment of attorneys' fees in the event a collection action was necessary, it is liable to the PACA trust beneficiary because the fees incurred to collect the past due amounts constitute "sums owing in connection with such transactions").

In this case, there were enforceable agreements between Plaintiff and Defendants regarding the recoverability of attorneys' fees. *Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.*, 2005 U.S. Dist. LEXIS 12848 (S.D.N.Y. June 27, 2005) aff'd. *Coosemans Specialties, Inc.*, 485 F.3d 701 (2d Cir. 2007). Accordingly, Plaintiff should be awarded attorneys' fees it has incurred in collecting the debt which is the subject of this action.

In Texas where a creditor has not agreed with an obligor to charge the obligor interest, the creditor my charge and receive from the obligor interest at the rate of six percent a year on the

principal amount of the credit extended beginning on the 30th day after the date on which the amount is due. (Tex. Fin. Code Section 302.002) Post judgment interest on the same transaction rendered in Texas is computed at the rate of five percent per annum. (Tex. Fin. Code Section 304.003) December 10, 2015 is the day all sums became payable. There are 1308 days from December 10, 2015 to July 10, 2015. The per diem rate on $81,363.60 at 6% is $13.374. Multiplying the per diem rate of $13.374 by 1308 days yields a prejudgment interest amount of $17,493.10 to July 10, 2015. Setting the rate of interest on a judgment is within the trial courts broad discretion. *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1028-29 (5th Cir. 1986). The Fifth Circuit has upheld awards at the state legal rate, the federal legal rate, as well as at, other rates, higher rates roughly equal to the plaintiff's actual costs of borrowing. *Pillsbury Co. v. Midland Enters., Inc.*, 715 F. Supp. 738, 770-71 (E.D. La. 1989).

## V. Conclusion

Based on the foregoing facts and legal argument, Plaintiff requests that the Court enter a default judgment against Defendant, HEART OF TEXAS PRODUCE, INC. and HAROLD RAY KNIGHT, jointly and severally, pursuant to Fed. R. Civ. P. 55(b)(2) and the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq., in the principal amount of $81,363.60 plus prejudgment interest in the amount of $17,493.19 and accrued attorneys' fees through July 8, 2019, in the amount of $8,950.09 for a total judgment under the trust provisions of the PACA in the amount of $107,806.88, which bears post judgment interest in the amount of five percent per annum and awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: July 8, 2019

Respectfully submitted,

PHENIX & CRUMP, PLLC
118 S. MAIN
POST OFFICE BOX 1005
HENDERSON, TEXAS 75654
903/657-3595
903/657-3598 - FACSIMILE
J. R. "RUSTY" PHENIX
STATE BAR NO. 15908300
rusty@phenixlawfirm.com
CARY CRUMP
STATE BAR NO. 90001754
cary@phenixlawfirm.com


BY:     /s/ J. R. "Rusty" Phenix
        J. R. "RUSTY" PHENIX
        Attorneys for Plaintiff